# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCOTT FIELDS | § |
| | § Civil Action No. 4:18-CV-821 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| CITY OF SHERMAN, TEXAS, ET AL. | § |
| | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 20, 2020, the report of the Magistrate Judge (Dkt. #65) was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss (Dkt. #43) be granted and each of Plaintiff's claims as to the remaining Defendants be dismissed with prejudice. Having received the report of the Magistrate Judge, considered Plaintiff's Objections (Dkt. #75) and Defendants' Response (Dkt. #82), and conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

On November 19, 2018, Plaintiff filed suit in the Eastern District of Texas naming as defendants the City of Sherman, Texas; David Plyler, Zach Flores, and Alex Shivers in their official capacities; and Brandon Shelby in his prosecutorial capacity (Dkt. #1). Plaintiff's Amended Complaint added the Office of the Attorney General for the State of Texas as a defendant (Dkt. #16). Plaintiff's suit seeks relief related to entry onto Plaintiff's property and a subsequent "junk vehicle proceeding" initiated as to Plaintiff's pickup truck parked on the property (Dkt. #1).[1]

---

[1] Plaintiff's claims against the Office of the Attorney General for the State of Texas were previously dismissed with prejudice (Dkt. #68). Plaintiff's claims against the other defendants remain.

Defendants moved to dismiss Plaintiff's claims (Dkt. #43). The Magistrate Judge's report, entered on January 20, 2020, recommended Defendants' Motion to Dismiss be granted (Dkt. #65); Plaintiff's claims as to the City of Sherman, Texas and Defendants Flores, Plyler, and Shivers in their official capacities be dismissed with prejudice; and Plaintiff's claims as to Defendants Flores, Plyler, Shelby, and Shivers in their individual capacities (to the extent any were asserted) also be dismissed with prejudice (Dkt. #65 at p. 31).

On February 4, 2020, Plaintiff filed Objections to the report (Dkt. #75). Therein, Plaintiff did not object to the Magistrate Judge's specific findings (and expressly disclaimed): (1) any claims against Defendants Plyler, Flores, and Shivers in their official capacities; and (2) any individual capacity claims against Defendants Plyler, Flores, and Shivers. In fact, Plaintiff affirmatively states he intended to sue only Defendant Shelby and the City of Sherman and that no other defendants are sued for relief (Dkt. #75 at pp. 1, 5). "Plaintiff has zero idea what that speak of individual capacity means as his amended complaint only brings claims against city of Sherman, Flores, and Shivers *as the city*" (Dkt. #75 at p. 4) (emphasis added). Plaintiff also reiterates he is suing Defendant Shelby only "as a prosecutor" (Dkt. #75 at pp. 7, 13).

The Court, therefore, adopts these specific findings and turns to analyze Plaintiff's stated objections, which are summarized as follows: (1) Plaintiff "objects to the entirety of Judge Nowak's spin upon facts" (Dkt. #75 at 6–11); (2) the Magistrate Judge improperly relied upon *Price v. City of Junction* (Dkt. #75 at pp. 10–13); (3) Plaintiff's claims against Defendant Shelby should not be dismissed because he "is simply a prosecutor of Texas law rather than a city officer" (Dkt. #75 at p. 7); (4) the Magistrate Judge "wholly discounted verbal demand procedure . . . and lack of certified mailing" (Dkt. #75 at pp. 2–3, 9–10, 12, 17); (5) the Magistrate Judge violated Federal Rule of Civil Procedure 15 by "repeatedly ordering speedy responses and by disallowing

2

twenty[-]one days for automatic amendment of any original pleading" (Dkt. #75 at pp. 1–2); (6) the Magistrate Judge improperly denied Plaintiff's Motion for Status Conference and request for discovery (Dkt. #75 at pp. 2–3, 12–14, 17); and (7) the Magistrate Judge incorrectly stated Plaintiff seeks compensatory damages when he in fact seeks an injunction and $2,000.00 in attorney fees (Dkt. #75 at pp. 3–4, 12, 17). On February 18, 2020, Defendants filed a Response in Opposition to Plaintiff's Objections, arguing that Plaintiff fails to identify any error in the Magistrate Judge's recommendation to dismiss Plaintiff's municipal liability claims against the City of Sherman, and that Plaintiff's remaining objections, which Defendant refers to as miscellaneous objections, are unrelated to the legal analysis in the report (Dkt. #82).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)(3).

Plaintiff begins by "object[ing] to the entirety of Judge Nowak's spin upon facts" and "prays that this district court wholly discount this magistrate report procedure" (Dkt. #75 at pp. 6, 17). This objection fails to meet the specificity requirements of 28 U.S.C. 636(b)(1)(C). The Court finds this objection and Plaintiff's remaining objections without merit, as discussed *infra*.

**Price v. City of Junction** *(Municipal Liability Claims)*

Plaintiff objects that the Magistrate Judge improperly relied upon *Price v. City of Junction*, 711 F.2d 582 (5th Cir. 1983) (Dkt. #75 at pp. 10–13) in evaluating Plaintiff's municipal liability claims. Plaintiff reiterates that *Price* is contrary to the United States Supreme Court opinion in *Michigan v. Tyler*, 436 U.S. 499 (1978), and further attempts to distinguish *Price* by arguing *Conner v. City of Santa Ana*, 897 F.2d 1487 (9th Cir. 1990) is instructive (Dkt. #75 at p. 11).

3

*Connor* is not binding precedent; Fifth Circuit case law—not Ninth Circuit case law—is binding on this Court. Further, the Ninth Circuit in *Conner* cites *Price* but does so to *support* the Ninth Circuit's conclusion that the state law and municipal ordinance that authorize the seizure of automobiles are not unconstitutional exercises of police power. 897 F.2d at 1493 (citing *Price*, 711 F.2d at 589). Indeed, in *Conner*, the Ninth Circuit considered the plaintiffs' challenge to the City of Santa Ana's removal of the plaintiffs' automobiles from the plaintiffs' private property. 897 F.2d at 1489. Importantly, "[w]ithout a warrant and without the [plaintiffs'] permission, the police *scaled the fence* on the [plaintiffs'] property and inspected the automobiles." *Id.* (emphasis added). The Ninth Circuit later discussed the district court's ruling, which stated the plaintiffs "had a reasonable expectation of privacy in their *enclosed, fenced yard*." *Id.* at 1491 (emphasis added). The Ninth Circuit concluded:

> [T]he fourth amendment protected the [plaintiffs] from the City's warrantless entry onto their property and from the warrantless seizure of their automobiles. The warrant requirement applied to the City when, without the [plaintiffs'] consent, it *broke down their fence, entered their property and seized the automobiles*, regardless of how "reasonable" the warrantless search and seizure appeared in light of the pre-seizure process afforded [to] the [plaintiffs].

*Id.* at 1492 (emphasis added). Plaintiff mistakenly reads the Ninth Circuit's rationale as a broad proclamation that *all* entries onto an individual's property to investigate a nuisance without a warrant violate the Fourth Amendment.

Plaintiff further argues, "[t]o the extent that any reviewing court spins [the] junk vehicle law as [a] zoning law, Plaintiff . . . alleges that Kyllo v United States, 533 U.S. 27 (2000) [sic], bans government altogether from eyeing and treading upon private residences in [the] form of zoning without a magistrate warrant" (Dkt. #75 at p. 12). *Kyllo v. United States* is irrelevant to Plaintiff's Fourth Amendment claim, as *Kyllo* stands for the proposition that law enforcement

4

cannot use a thermal-imaging device aimed at a private home to explore details of that home without first obtaining a warrant. 533 U.S. at 40.

In considering *Price*, the Magistrate Judge's report stated in relevant part:

> Under the City of Sherman ordinance, law enforcement officials may enter upon private property to enforce the ordinance. Interpreting an ordinance nearly identical to the enactments at issue in this case, *Price* held the ordinance does not explicitly authorize the warrantless entry onto private property. "[W]e must read it, and local officials must enforce it, consistent with the Constitution. If entries occur which appear to violate the Constitution, the entries must be reviewed on a case-by-case basis since the ordinance is not invalid on its face." *Price*, 711 F.2d at 592. Consistent with the ruling in *Price*, the Court finds that Sherman Municipal Code § 8.08.005 (and Texas Transportation Code § 683.075) is not a municipal policy which violates the Fourth Amendment . . . . The Court, therefore, finds Plaintiff has failed to state a municipal liability claim under 42 U.S.C. § 1983 against the City of Sherman . . . .

(Dkt. #65 at pp. 21–22). Although *Price* acknowledged that entries onto property *can* be carried out in a manner that violates the Fourth Amendment, there is nothing in the record to indicate this is one of those cases.

*Claims Against Defendant Shelby*

Plaintiff argues "Defendant Shelby is simply a prosecutor of Texas law rather than a city officer" (Dkt. #75 at p. 7). The Court assumes Plaintiff intends to state an objection to the Magistrate Judge's finding that any claim(s) against Defendant Shelby should be dismissed. The Magistrate Judge's report provides:

> As stated in the caption of the Amended Complaint, Defendant Shelby is being sued "in his prosecutorial capacity" [Dkt. 16 at 1], and all allegations leveled against Shelby within the body of the Amended Complaint reference only the conduct he performed in his role as the City of Sherman's prosecutor. Therefore, to the extent Plaintiff does assert a claim, Plaintiff's claims against Defendant Shelby are barred by prosecutorial immunity.

(Dkt. #65 at p. 24). Plaintiff's own objections clarify that he is suing Defendant Shelby as a prosecutor for actions taken within the scope of his official duties. Defendant Shelby is immune

5

in a civil rights suit for any action taken pursuant to his role as a prosecutor. *See Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025, at *6 (E.D. Tex. Aug. 7, 2019); *Hereford v. Say*, No. 5:13-CV-00222-C, 2014 WL 5343328, at *4 (N.D. Tex. Oct. 21, 2014).

*Miscellaneous Objections*

*Certified Mailing and Verbal Demand Procedure*

Plaintiff further objects that the Magistrate Judge's report "avoids [the] issue of certified mail lacking like plague" and that "certified mailing [is] lacking" (Dkt. #75 at pp. 2–3). More specifically, Plaintiff (in connection with his due process arguments) states that he never received certified mail from the City of Sherman regarding any junk vehicle proceeding and that he had a right to reasonable notice of the accusation against him (Dkt. #75 at pp. 7–9).

The Magistrate Judge's report acknowledges Plaintiff's argument that his procedural due process rights were violated because "the City of Sherman knew fully, or should have known, that their procedures violated his statutory rights and federal constitutional rights [because] they themselves provided him with copies of the statute and ordinance that were being blatantly ignored" and instead pursued "their own unauthorized, verbal demand procedure" (Dkt. #65 at p. 14). As the report explained,

> Plaintiff received actual notice of the proceedings [in municipal court], knows the basis of the charges, and is afforded an opportunity to litigate the issues. Due process demands nothing more. Moreover, the judges of the Texas municipal courts preside over judicial, not administrative, proceedings. Those courts can and will consider constitutional arguments challenging government policies and enactments, with their rulings subject to review by the Texas appellate courts. Plaintiff cannot claim a denial of procedural due process, including the right of appellate review, because the junked vehicle charge against him was filed in a Texas municipal court.

(Dkt. #65 at p. 16). In support of Plaintiff's Objections, Plaintiff cites *Greene v. Lindsey*, 456 U.S. 444 (1982), and *In re Oliver*, 333 U.S. 257 (1948). Neither *Green* nor *In re Oliver* stand for the

proposition that Plaintiff's procedural due process rights were violated based on an alleged "verbal demand procedure," as he suggests. Rather, as the Magistrate Judge stated, Plaintiff has been afforded opportunities to litigate his case.

### *Federal Rule of Civil Procedure 15*

Plaintiff also claims the Magistrate Judge violated Federal Rule of Civil Procedure 15 by "ordering speedy responses and by disallowing the twenty-one days for automatic amendment of any original pleading that is afforded by that federal rule" (Dkt. #75 at pp. 1–2). Plaintiff's argument is misplaced. Rule 15 governs amendments to pleadings before trial. Fed. R. Civ. P. 15(a) ("Amendments Before Trial."). Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff fails to point to an instance in which he was entitled to amend under Rule 15 but was denied such opportunity. In addition, Plaintiff fails to point to a specific order, and the Court cannot identify any order, in which the Magistrate Judge ordered a response in a manner not permitted by the Federal Rules of Civil Procedure. The local rules state, "[a] party opposing a motion has fourteen days (twenty-one days for summary judgment motions) from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." Local Rule CV-7(e). On April 17, 2019, the Magistrate Judge ordered Plaintiff to file a response to the pending Motions to Dismiss

no later than May 8, 2019 (Dkt. #46)—providing Plaintiff *more* than the fourteen days to respond under the local rule.  *See* Local Rule CV-7(e).

### *Request for Status Conference*

Plaintiff's Objections state the Magistrate Judge improperly denied his Motion for Status Conference and request for discovery (Dkt. #75 at pp. 2–3, 12–14, 17).  To the extent Plaintiff's objection is to the referral to the Magistrate Judge, consent is not needed for pre-trial referral.  Nor does Plaintiff have the right to contest the referral for pre-trial matters under 28 U.S.C. § 636(b).  As the Fifth Circuit explained, "the consent of the parties is required where a magistrate is appointed to conduct proceedings and enter judgment.  28 U.S.C. § 636(c)(1) and (2).  No such consent is required, however, where the district court merely refers [pre-trial matters] to a magistrate for a determination of whether to hold a hearing and to make findings and recommendations."  *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989); *see also Lowe v. Dollison*, No. 6:11-CV-108, 2012 WL 1555446, at *2 (E.D. Tex. Mar. 2, 2012).  In addition, as the local rules make clear, "[a] party may in a motion or a response specifically request an oral hearing, but the allowance of an oral hearing shall be within the sole *discretion* of the judge to whom the motion is assigned."  Local Rule CV-7(g) (emphasis added); *see also Morris v. V4V1 Vehicles for Veterans*, No. 4:15-CV-724, 2017 WL 3034664, at *3 (E.D. Tex. July 18, 2017).  To the extent Plaintiff argues the Magistrate Judge precluded him from obtaining discovery to which he is entitled, Plaintiff has not identified the specific discovery requested and/or to which he asserts he was entitled.

*Request for Attorney Fees*

Plaintiff's Objections also assert the Magistrate Judge incorrectly stated Plaintiff seeks compensatory damages when he in fact seeks an injunction and $2,000.00 in attorney fees (Dkt. #75 at pp. 3–4, 12, 17). Plaintiff's Amended Complaint states as follows:

> Plaintiff here demands that this federal court enjoin any and all "junk vehicle proceeding" prosecuted against him; demands [an] award of two thousand dollars in actual and compensatory damages for loss of life [and] enjoyment befallen upon him by way of studying law and preparing this litigation; and requests that punitive damages be assessed against the City of Sherman and its officers for unlawful, unauthorized operat[ion] of proceedings upon him for wanton, reckless disregard of his federal constitutional rights.

(Dkt. #16 at p. 2). To the extent Plaintiff now abandons any claim for compensatory damages asserted in his Amended Complaint and asks this Court to award him $2,000.00 in attorney fees, the Court finds attorney fees are not appropriately assessed against Defendants. Moreover, "[b]ecause [Plaintiff] is proceeding pro se . . . he may not recover attorney's fees." *Gable v. Meeks*, No. 3:18-CV-1545-M-BH, 2019 WL 2931947, at *4 n.5 (N.D. Tex. June 14, 2019) (citing *Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006); *Vaksman v. C.I.R.*, 54 F. App'x 592 (5th Cir. 2002)), *report and recommendation adopted*, No. 3:18-CV-1545-M, 2019 WL 2929716 (N.D. Tex. July 8, 2019).

*Moot Rule 7(a) Procedure and/or Moot Magistrate Report Procedure*

Similar to the grievances stated in the aforementioned Objections, Plaintiff has also separately filed a "Motion to Discount and to Moot Rule 7(a) Procedure Regarding Defendant Shivers' Qualified Immunity Issue" (Dkt. #72) and "Motion to Moot Magistrate Report Procedure Regarding Defendants['] Rule 12 Motions to Dismiss Claims" (Dkt. #76). Therein, Plaintiff asks this Court to "discount and moot the entirety of the Rule 7(a) Response procedure that currently looms before the district court" (Dkt. #72 at p. 6) and further "rule that there are no compensatory

9

damages here sought against defendants," "moot the entirety of the magistrate procedure," and "freeze [the] status quo of [this] cause until [a] status conference and discovery process can be properly situated" (Dkt. #76 at p. 10). Defendants filed responses to each of these motions (Dkts. #79; #81), advocating that the Rule 7(a) procedure employed in connection with Defendants' Motion to Dismiss was necessary to permit Plaintiff an opportunity to clarify his claims and that the Magistrate report procedure provides Plaintiff an adequate means to challenge the Magistrate Judge's findings on the Motion to Dismiss. The Court agrees. Plaintiff's Motions are denied.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #75) and Defendants' Response (Dkt. #82), the Court adopts the Magistrate Judge's report (Dkt. #65) as the findings and conclusions of the Court. Accordingly,

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #43) is **GRANTED**. Plaintiff's claims as to all remaining defendants, including the City of Sherman, Texas, and David Plyer, Zach Flores, Alex Shivers, and Brandon Shelby are hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's Motion to Discount and to Moot Rule 7(a) Procedure Regarding Defendant Shivers' Qualified Immunity Issues (Dkt. #72) and Motion to Moot Magistrate Report Procedure Regarding Defendants' Rule 12 Motions to Dismiss Claims (Dkt. #76) are hereby **DENIED**.

All other relief not expressly granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 13th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE